UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISCELA PATRICIA ANDRADES GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01198-DAD-CKD<br><br>ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER TO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING THAT MOTION<br><br>(Doc. No. 2) |

This matter is before the court on petitioner's motion for a temporary restraining order. (Doc. No. 2.) On February 11, 2026, the court directed respondents to file an opposition to the pending motion no later than February 12, 2026, addressing whether any provision of law or fact in this case would distinguish it from this court's orders in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), or *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025). (Doc. No. 6.) On February 12, 2026, respondents filed an opposition to petitioner's pending motion.[1] (Doc. No. 7.)

---

[1] Respondents state therein that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction, and they do not request a hearing on the latter motion. (Doc. No. 7 at 2.)

1

1   Petitioner filed her reply on February 19, 2026.  (Doc. No. 8.)

2        Petitioner entered the United States on or about November 18, 2022.  (Doc. No. 2-3 at 7.)
3   She was detained by immigration officers on November 28, 2022.  (Doc. No. 2-3 at 24.)
4   Petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5) on November 29, 2022.  (Doc. No. 2-3
5   at 26.)  On March 26, 2025, petitioner was re-detained when she attended a scheduled
6   immigration appointment.  (Doc. Nos. 2-3 at 32; 2-4 at 10.)  Petitioner was not given notice of the
7   reason for her re-detention.  (Doc. No. 2-4 at 10.)  On April 22, 2025, petitioner's motion for
8   bond was denied by an Immigration Judge ("IJ") because she was unable to show documentation
9   that her sponsor could financially support her.  (Doc. No. 2-3 at 34.)  On May 15, 2025,
10  petitioner's request for bond re-determination was also denied because the IJ determined
11  petitioner's newly proffered financial sponsor was known to petitioner at the time of her previous
12  bond hearing and therefore did not constitute a changed circumstance.  (Doc. No. 7-2 at 3.)
13  Petitioner was served with a superseding notice to appear for removal proceedings on July 18,
14  2025, almost four months into her detention.  (Doc. No. 2-3 at 38.)  On January 7, 2026,
15  petitioner's request for bond was denied again, this time because the IJ determined he did not
16  have jurisdiction.  (Doc. No. 2-3 at 43.)  Petitioner filed an application for asylum, withholding of
17  removal, and Convention Against Torture protection on January 20, 2026.  (Doc. No. 2-3 at 4–5.)
18  She has a removal hearing scheduled on March 5, 2026.  (Doc. No. 2-1 at 7.)

19       Petitioner argues that she is likely to succeed on the merits of her claims because her re-
20  detention without notice or an opportunity to contest the reason for her re-detention violated her
21  due process rights at the outset, her bond was improperly denied based solely on her ability to
22  pay, and her detention has become prolonged.  (Doc. No. 2-1 at 8–9.)
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

Respondents argue in their opposition that petitioner's case is distinguishable from *Rocha Chavarria* and *Singh* because, here, petitioner received bond hearings pursuant to 8 U.S.C. § 1226(a) in which an immigration judge ("IJ") considered her individual circumstances, petitioner did not appeal it to the Board of Immigration Appeals ("BIA"), and the court should not review the IJ's determination.[2] (Doc. No. 7 at 3.) In addition, respondents oppose petitioner's request for relief based upon the decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330, (5th Cir. Feb. 6, 2026).[3] (*Id.* at 5.) Finally, respondents argue that if the court determines that petitioner is not subject to mandatory detention, her detention is lawful pursuant to 8 U.S.C. § 1226(a) and has not yet become prolonged. (*Id.*)

The court agrees with petitioner that she is likely to succeed on the merits of her claim that her due process rights were violated at the outset of her re-detention. The court finds analogous and persuasive its reasoning in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which this court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release following his parole. Specifically, this court found that the risk of erroneous deprivation of the petitioner's liberty interest was high because his prior parole necessarily required a determination that he posed neither "a security risk nor a risk of absconding." (*Id.* at *3.) Any subsequent bond hearing "does not sufficiently address the lawfulness of petitioner's re-detention in the first place." *Hernandez v. Lyons*, No. 2:25-cv-05376-FWS-AGR, 2025 WL 3191822, at *6 (C.D. Cal. June 18, 2025). Here, respondents have simply failed to provide any explanation for petitioner's March 26, 2025 re-detention. (Doc. No. 7.)

---

[2] The court does not review the IJ's bond determination in this case because it concludes that petitioner's re-detention was likely unlawful at the outset, but the court does note that "[i]f the government is setting monetary bonds to ensure appearance at future proceedings, there is no legitimate reason for it not to consider the individual's financial circumstances and alternative conditions of release." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (holding plaintiffs were likely to succeed on the merits of their due process claim because the government failed to require consideration of individual financial circumstances and alternatives to detention).

[3] The court has recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive. *See Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (Feb. 12, 2026). The court incorporates that reasoning here.

1  Absent the provision of the necessary procedural protections at the outset of her re-detention,
2  petitioner is likely to succeed on the merits of her claim that her re-detention was unlawful.
3      Accordingly, for the reasons stated above,
4      1.     Petitioner's motion for a temporary restraining order (Doc. No. 2) is
5          CONVERTED into a motion for a preliminary injunction and hereby GRANTED:
6          a.     Respondents are ORDERED to immediately release petitioner from
7              respondent's custody;
8          b.     Respondents are ENJOINED and RESTRAINED from re-detaining
9              petitioner, absent exigent circumstances, without providing petitioner
10             notice and a pre-deprivation hearing before a neutral adjudicator;
11     2.     Under the circumstances of the case, petitioner will not be required to post a bond
12         pursuant to Federal Rule of Civil Procedure 65(c); and
13     3.     This case is referred to Magistrate Judge Carolyn K. Delaney for further
14         proceedings on the underlying petition (Doc. No. 1) and respondents' motion to
15         dismiss (Doc. No. 7).
16     IT IS SO ORDERED.
17 Dated:   **February 19, 2026**             */s/ Dale A. Drozd*
18                                               DALE A. DROZD
19                                               UNITED STATES DISTRICT JUDGE