UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARISCELA PATRICIA ANDRADES GONZALES, A-246-397-165,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-1198-DAD-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Mariscela Patricia Andrades Gonzalez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 11, 2026. For the following reasons, the undersigned recommends the petition be granted, the preliminary injunctive relief already ordered be made permanent, and this case be closed.

Petitioner is a citizen and native of Nicaragua who fled the country due to persecution suffered as a political activist. (ECF No. 1 at 6.) Petitioner entered the United States on or about November 18, 2022. (ECF No. 2-3 at 7.) She was detained by immigration officers on November 28, 2022. (ECF No. 2-3 at 24.) Petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5) on November 29, 2022. (ECF No. 2-3 at 26.) On March 26, 2025, petitioner was re-detained when she attended a scheduled immigration appointment. (ECF Nos. 2-3 at 32; 2-4 at 10.) Petitioner was not given notice of the reason for her re-detention. (ECF No. 2-4 at 10.) An immigration judge (IJ) denied petitioner's requests for bond. (ECF No. 2-3 at 34 & 43.)

1

In the pending petition, petitioner brings three claims asserting violations of her due process rights under the Fifth Amendment and a fourth claim asserting a violation of 8 U.S.C. § 1226(a). (ECF No. 1 at 27-29.) The petition requested release from custody, or, alternatively, a hearing before an immigration judge. (Id. at 29-30.) On the same day she filed the petition, petitioner filed a motion for a preliminary injunction. (ECF No. 2.)

On February 12, 2026, respondents filed a response styled as a motion to dismiss the petition, asserting petitioner is "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2), or, alternately, that petitioner was lawfully held under 8 U.S.C. § 1226(a) due to having received two bond hearings. (ECF No. 7.) Respondents also suggested that if the court grants preliminary injunctive relief, then the matter could be held in abeyance pending resolution of Ninth Circuit appeals in Rodriguez v. Bostock, 779 F.Supp.3d 1239 (W.D. Wash. 2025) and Carballo v. Andrews, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). (Id. at 7.)

On February 19, 2026, the district court judge assigned to this case granted petitioner's motion for a preliminary injunction, finding "respondents failed to provide any explanation for petitioner's March 26, 2025 re-detention" and thus "petitioner is likely to succeed on the merits of her claim that her due process rights were violated at the outset of her re-detention." (ECF No. 9 at 3.) Respondents were ordered to release petitioner from custody and were enjoined and restrained from re-arresting or re-detaining her absent compliance without providing notice and a pre-deprivation hearing. (Id.) The district court judge referred the case to the undersigned for further proceedings.

The undersigned now recommends the petition for writ of habeas corpus be granted on the merits based on the reasoning set forth by the district court judge in Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025). Specifically, due process required a pre-detention hearing to protect petitioner's liberty interest in continued release following her prior release on parole which necessarily required a determination that she posed neither "a security risk nor a risk of absconding. (See id. at 3.) Petitioner did not receive such a hearing before being re-detained. Moreover, any subsequent bond held after she was re-detained

2

"does not sufficiently address the lawfulness of petitioner's re-detention in the first place." Hernandez v. Lyons, No. 2:25-cv-05376-FWS-AGR, 2025 WL 3191822, at *6 (C.D. Cal. June 18, 2025). (ECF No. 9 at 3.)

Thus, the undersigned further recommends a permanent injunction be issued on the same terms as the preliminary injunction. Because the resolution of the petition in this manner provides the full scope of relief requested, the court need not reach the remaining claims.

As to petitioner's request for attorney's fees and costs under the Equal Access to Justice Act, petitioner may bring any request for fees and costs by separately noticed and adequately supported motion should the assigned district judge adopt these findings and recommendations.

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Respondent does not show any particular judicial economy or efficiency would be served by holding the instant case in abeyance. Thus, the motion to dismiss should be denied and the petition should be granted.

In accordance with the above, IT IS RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 7) be denied.

2. The petition for writ of habeas corpus be granted.

3. The preliminary injunctive relief previously granted (ECF No. 9) be made permanent.

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

/////

/////

objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 andr1198.mer

4